| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| CHRISTOPHER SHAW, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | CIVIL ACTION NO. 1:22-CV-283 |
| | § | |
| JAMES THOMAS GILLEN, in his individual capacity; CITY OF BEAUMONT, TEXAS; JEFFERSON COUNTY SHERIFF'S OFFICE'S OFFICERS/DEPUTIES JANE and JOHN DOES 1-10 in their individual capacity; CORRHEALTH, LLC; CORRHEALTH, LLC'S EMPLOYEES JANE and JOHN DOES 1-10 in their official capacity, | § § § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

On July 12, 2024, this court ordered Plaintiff Christopher Shaw ("Shaw") to show cause as to why his claims against Defendants Georgia Jackson ("Jackson"), James Slaughter ("Slaughter"), Donald Post ("Post"), Bonnie Shaver ("Shaver"), Sergeant A. Davalos ("Davalos"), Detention Officer D. Kegley ("Kegley"), Detention Officer M. Munselle ("Munselle"), and Jefferson County Sheriff's Office's Officers/Deputies Jane and John Does 1-10 ("JCSO Jane and John Does 1-10) should not be dismissed for failure to serve pursuant to Federal Rule of Civil Procedure 4(m) (#65). The order gave Shaw fourteen days to respond. To date, Shaw has failed to file a response.

I.   Background

Shaw filed his original complaint in this case on July 14, 2022 (#1). Shaw originally sued Defendants James Thomas Gillen ("Gillen"), the City of Beaumont ("the City"), Jefferson County

Sheriff's Office's Officers/Deputies Jane and John Does 1-10,[1] CorrHealth, LLC ("CorrHealth"), and CorrHealth, LLC's Employees Jane and John Does 1-10 ("CorrHealth Jane and John Does 1-10"). Summonses were issued as to Gillen, the City, and CorrHealth on August 5, 2022. The case was stayed pending resolution of Shaw's state criminal charges from February 9, 2023, through November 29, 2023 (#s 37 & 39). An Amended Scheduling Order was entered December 18, 2023, allowing additional time to amend the pleadings through December 29, 2023, and to conduct discovery through June 28, 2024 (#44). The parties, on April 11, 2024, filed an Agreed Motion for Extension of Time to Complete Discovery (#56), requesting an extension through July 28, 2024, for its completion (#57). To date, Shaw has failed to amend his pleadings to identify the remaining JCSO Jane and John Does 1-10 and has failed to serve Jackson, Slaughter, Post, and Shaver. To the extent Shaw asserts claims against Davalos, Kegley, and Munselle, they too have not been served. The record reflects no summonses have ever been requested for Jackson, Slaughter, Post, Shaver, Davalos, Kegley, or Munselle.

II.     Standard of Review

The Federal Rules of Civil Procedure impose time limits for service of process. *See* FED. R. CIV. P. 4(m). As of December 1, 2015, Rule 4(m) requires that service of process on domestic defendants be effectuated within 90 days after the filing of the complaint. If service is not accomplished within the applicable time frame, Rule 4(m) permits the court to dismiss the action without prejudice or to direct that service be completed within a specified time period. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Aguirre v. ISC Constructors, LLC*, 70 F. Supp. 3d 766, 774 (E.D. Tex. 2014).

---

[1] Davalos, Kegley and Munselle have been identified since the inception of this case. It is unclear, however, as to whether Shaw asserts any legal claims against them. Neither the Sheriff of Jefferson County nor Jefferson County, Texas, has been sued.

Rule 4(m) provides:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1) or to service of notice under Rule 71.1(d)(3)(A).

FED. R. CIV. P. 4(m).

The plaintiff bears the burden of demonstrating good cause for failing to effect timely service. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994); *Aguirre*, 70 F. Supp. 3d at 775; *see Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 370 n.13 (5th Cir. 2017) (quoting *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). "Proof of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Thrasher*, 709 F.3d at 511 (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)); *see Dotson v. Tunica-Biloxi Gaming Comm'n*, 835 F. App'x 710, 713 (5th Cir. 2020). In addition, some showing of good faith and some reasonable basis for noncompliance within the time specified is normally required." *Thrasher*, 709 F.3d at 511.

According Shaw the most generous time frame that could be applied, service was due 90 days after Shaw's Second Amended Complaint was filed on December 29, 2023. FED. R. CIV. P. 4(m). Shaw has failed to respond to this court's show cause order and thus makes no effort to demonstrate good cause for his failure to perfect service in a timely manner as to Defendants Jackson, Slaughter, Post, Shaver, Davalos, Kegley, Munselle, and the JCSO Jane and John Does 1-10. *See Hunt v. Smith*, 67 F. Supp. 2d 675, 684-85 (E.D. Tex. 1999); *Taylor v. U.S. Internal*

*Revenue Serv.*, 192 F.R.D. 223, 224 (S.D. Tex. 1999).  When, as here, the statute of limitations is likely to bar a claim, dismissal is warranted only where "a clear record of delay or contumacious conduct by the plaintiff" exists and a "lesser sanction would not better serve the interests of justice."  *Millan*, 546 F.3d at 325 (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)); *accord Dominguez v. Crosby Tugs, L.L.C.*, 704 F. App'x 364, 366 (5th Cir. 2017).  The delay "must be longer than just a few months" and "characterized by 'significant periods of total inactivity.'"  *Millan*, 546 F.3d 326-27 (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)).  In addition, the Fifth Circuit generally finds, but has not expressly required, at least one of three aggravating factors:  "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id.* at 326 (quoting *Price v. McGlathery*, 792 F.2d 474, 474 (5th Cir. 1986)).

Here, any dismissal under Federal Rule of Civil Procedure 4(m) would be, in effect, a dismissal with prejudice as the statute of limitations expired on June 12, 2023, two years after the incidents made the subject of this suit.[2]  This requires an analysis under the heightened standard announced in *Millan*.  546 F.3d at 326 (citing *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976) ("where the dismissal is without prejudice, but the applicable statute of limitations probably bars future litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice.")).  Since filing his Second Amended Complaint on December 29, 2023, Shaw has made no attempts at service despite identifying the CorrHealth Jane and John Doe Defendants.  As to those that remain unnamed,

---

[2] The statute of limitations for claims brought under § 1983 is determined by looking to the forum state's limitations period for personal injury torts.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Texas, the statute of limitations for a § 1983 action is two years.  *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

Shaw has made no requests for additional discovery to identify these defendants. Shaw has also failed to request additional time for service and has failed to respond to this court's show cause order offering any explanation as to why service has not been effected as to these defendants. Here, a clear record of delay exists, and Shaw does not request a lesser sanction, despite being given the opportunity to do so. Hence, Shaw's claims against Defendants Jackson, Slaughter, Post, Shaver, Davalos, Kegley, Munselle, and the JCSO Jane and John Does 1-10 are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 4(m).

III.   Order

For the foregoing reasons, Shaw's claims against Defendants Jackson, Slaughter, Post, Shaver, Davalos, Kegley, Munselle, and the JCSO Jane and John Does 1-10 are DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 4(m). In all future filings, the parties shall omit any reference to these defendants from the style of the case.

SIGNED at Beaumont, Texas, this 9th day of August, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE